to answer, but did not reserve to him the right to make the motion resulting in the order appealed from, nor was any right given him by stipulation.   There was, therefore, a waiver of all objections to the complaint and a bar to the motion.   Brooks v. Hauchet, 30 Hun, 70; Post v. Blazewitz, 13 App. Div. 124, 43 N. Y. Supp. 59.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.

---

MULINOS v. WALKOF et al.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

Appeal from City Court of New York, Special Term.

Action by Constantino Mulinos against Harry Walkof, impleaded with others.   From an order directing the plaintiff to serve an amended complaint, separately stating and numbering the causes of action, or to elect on which cause of action he will proceed, he appeals.   Order reversed, and motion to make the complaint more definite denied.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Herman Kahn, of New York City, for appellant.
Harry M. Peyser, of New York City, for respondents.

GAVEGAN, J.   For the reasons stated in the case of Gerald Mulinos v. Walkof, 156 N. Y. Supp. 1032, decided herewith, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.

---

(93 Misc. Rep. 194)

CENTRAL TRUST CO. v. PITTSBURGH, S. & N. R. CO. et al.

(Supreme Court, Special Term, Allegany County.   January, 1916.)

1. RECEIVERS ⬯128—PRIORITY OF CLAIMS—RECEIVER'S CERTIFICATES.
   Where a receiver for a railroad petitioned for leave to issue his certificates, but omitted reference in his petitions to a prior mortgage indebtedness assumed by the road on consolidating with another road, when it was understood by the holders of all claims and mortgages that their claims should be subordinate to such certificates when issued, and after their issuance the proceeds were used for the benefit of the entire railroad system, including the one acquired by the consolidation, the receiver was entitled to an order nunc pro tunc to amend his petitions, in order that the priority of the certificates over all other claims on the entire railroad system might be preserved, since such certificates cannot be too rigidly protected.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. ⬯128.]

2. RECEIVERS ⬯128—PRIORITIES—RECEIVER'S CERTIFICATES.
   Receiver's certificates are generally to be paid out of the proceeds of foreclosure, and take precedence over all other debts.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. ⬯128.]

3. RAILROADS ⬯186—FORECLOSURE OF MORTGAGE—PARTIES.
   In an action to foreclose a mortgage on a railroad, in which a receiver is appointed, a trustee in a mortgage on another railroad, which consoli-

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes